UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:08-CR-53 |
| ) | (Phillips) |
| ANTHONY SHANNON ) | |

### MEMORANDUM AND ORDER

On August 15, 2008, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed an 8-page Report and Recommendation (R&R) [Doc. 20] in which he recommended that defendant's motion to suppress evidence seized in this case [Doc. 13] be denied. Thus, Judge Guyton recommended that the crack cocaine seized on September 6, 2007, be admitted at trial.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 21]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Judge Guyton's thorough analysis of the legal issues arising from the suppression hearing conducted by him on August 1, 2008. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to suppress will be denied.

Defendant argues that because the officers never saw defendant break any laws, nor saw him commit any traffic violation, the officers lacked probable cause to stop his vehicle on September 6, 2007. I find the defendant's argument without merit. Based on the record, the officers had adequate legal cause to believe that defendant had recently been involved in drug trafficking and may have been armed. This legal cause was established by the CI's tip, facts observed at the motel by the officers, and the officers' knowledge of the outstanding arrest warrant. Therefore, the court finds that the officers lawfully stopped defendant and the officers were justified in performing a Terry pat-down for officer safety. *See United States v. Hensley,* 469 U.S. 221, 229-30 (1985) (outstanding arrest warrant establishes probable cause to order person from vehicle and make arrest). Since the officers discovered the crack cocaine, which defendant spit on the pavement in plain view, there was no search and the officers' conduct raises no constitutional concerns. Further, the Fourth Amendment was not violated when the officers seized the crack cocaine which was in plain view on the ground. Consequently, defendant's objections are overruled.

For the foregoing reasons, as well as the reasons articulated by Judge Guyton in his R&R, defendant's objections to the R&R [Doc. 21] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 20] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to suppress evidence [Doc. 13] is **DENIED** in its entirety, whereby the court will allow the introduction of the crack cocaine seized on September 6, 2007, at the trial of this matter, which is presently set for February 3, 2009.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge