IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-53 |
| | ) | |
| ANTHONY SHANNON, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the undersigned on January 27, 2009, for a scheduled pretrial conference and motion hearing on the defendant's pending Motion to Reschedule Trial [Doc. 27], filed on January 15, 2009. Assistant United States Attorney Kelly Norris appeared on behalf of the government. Attorney Ruth Thompson Ellis appeared on behalf of the defendant, who was also present.

The defendant has moved [Doc. 27] to continue the February 3, 2009 trial date in order to perform additional investigation on his case. Present defense counsel was appointed on October 6, 2008, and needs time to look into additional issues relating to this case. The government does not object to the requested trial continuance. At the hearing, defense counsel stated that she had discussed the need for a continuance with the defendant and that the defendant understood that he would remain in custody pending the new trial date.

The Court finds the defendant's Motion to Reschedule Trial [Doc. 27] to be well taken. The ends of justice served by granting the motion outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The defendant is charged [Doc. 1] with possession of crack cocaine with intent to distribute on September 6, 2007. Defense counsel, who was appointed on October 6, 2008, needs additional time to review discovery and investigate the case. She needs time to prepare for trial in light of her investigation. The Court finds that all of this could not take place prior to the presently scheduled trial date of February 3, 2009, or in less than three and one-half months. Accordingly, the denial of the defendant's motion for a continuance would deprive the defendant of sufficient time for effective preparation for trial, taking into account counsel's exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv). Defense counsel acknowledged at the hearing that the defendant understood that a continuance would result in his continued detention in this case.

Accordingly, the defendant's Motion to Reschedule Trial [**Doc. 27**] is **GRANTED**. The Court has set a new trial date of **May 19, 2009**, at 9:00 a.m. The Court further finds and the parties agree that the period of time between the **January 27, 2009** hearing and the new trial date of **May 19, 2009**, shall be fully excludable as provided by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(A)-(B). With regard to other scheduling in the case, the parties are to appear before the undersigned for a pretrial conference on **May 11, 2009, at 10:00 a.m.**

Accordingly, it is **ORDERED:**

> 1. The defendant's Motion to Reschedule Trial [**Doc. 27**] is **GRANTED**;
>
> 2. The trial is reset to commence at **9:00 a.m., on May 19, 2009,** before the Honorable Thomas W. Phillips, United States District Judge;

2

Case 3:08-cr-00053-TWP-HBG   Document 29   Filed 01/27/09   Page 2 of 3   PageID #: 135

3. All time between the **January 27, 2009** hearing and the **May 19, 2009** trial date is fully excludable time under the Speedy Trial Act as set forth above;

4. A Pretrial Conference is set for **May 11, 2009, at 10:00 a.m.**

**IT IS SO ORDERED.**

ENTER:


    s/ H. Bruce Guyton
United States Magistrate Judge